IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| FELIX JELKS,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:13-cv-01007-JDB-egb<br>Cr. No. 1:09-cr-10009-JDB-1 |

ORDER DENYING DEFENDANT'S MOTION TO RE-OPEN JUDGMENT BASED ON AN
OMITTED CLAIM AND
DENYING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS

On February 23, 2015, the Court dismissed Defendant, Felix Jelks', motion brought pursuant to 28 U.S.C. § 2255, and entered a judgment on February 24, 2015. (Docket Entries ("D.E.") 27–28.) The Court was subsequently made aware that a single page of his amended memorandum, (D.E. 3), was inadvertently omitted from the District's Electronic Case Filing system. Pursuant to Federal Rule of Civil Procedure 60, the Court directed the Clerk to file a complete version of the amended memorandum. (D.E. 29.) After the Clerk filed a corrected and complete amended memorandum, Jelks moved to re-open the judgment under Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, alleging that the omission presented an extraordinary circumstance that "deprived Mr. Jelks a full and fair review of his claim(s) . . . ." (D.E. 34 at 2.)

*Legal Standard and Analysis*

**I.**  **Rule 60 Motion**

The Court must first determine whether it has authority to consider the inmate's motion. "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). If a Rule 60(b) motion is treated as such, it is barred from consideration because, pursuant to 28 U.S.C. § 2244(b), "[a] . . . prisoner may not file a second or successive habeas corpus petition until the court of appeals issues an order authorizing the district court to consider the petition." *Id.* (citing 28 U.S.C. § 2244(b)(3)(A)). However, a motion that "does not attack a determination on the merits" is not a "successive habeas petition" if it only addresses "'some defect in the integrity of the federal habeas proceedings.'" *Id.* at 507 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). The inmate's motion does not attack the merits of the Court's February 23, 2015 determination, but instead requests that the judgment be reopened due to the Court's inability to consider his entire argument because of the incomplete amended memorandum. This motion can therefore be considered on the merits.

Rule 60(b) of the Federal Rules of Civil Procedure lists several possible grounds to relieve a party from an adverse judgment, including mistake, inadvertence, surprise, excusable neglect or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1) and (6). Jelks contends that the judgment should be set aside because the Court failed to consider and rule on the claim that his appellate counsel was ineffective for failing to investigate and assert that a violation of Rule 11(d) of the Federal Rules of Criminal Procedure occurred during his plea colloquy. (D.E. 34 at 1–3.)

Upon review of the complete amended memorandum, (D.E. 30), the Court concludes that the missing page is an almost verbatim recitation of an argument first raised in the inmate's

initial § 2255 motion. (*See* D.E. 1-1 at 4.) The omitted page does not alter the Court's analysis or conclusion that the inmate's appellate counsel was not ineffective in deciding not to raise the allegation of a Rule 11(d) violation on direct appeal. (*See* D.E. 27 at 20.) The missing page also does not alter the Court's conclusion that Defendant failed to present any "highly exceptional circumstances" which would warrant reconsideration of whether his plea colloquy was knowing, voluntary, and procedurally proper, especially because this claim was reviewed on direct appeal by the Sixth Circuit. (*Id.* at 10–14, 20.) Jelks has not shown that one of the grounds for reopening a judgment provided by Rule 60 applies in this case. Accordingly, the motion is DENIED.

## II. Application to Proceed In Forma Pauperis

Jelks filed an application to proceed i*n forma pauperis* on March 25, 2015. (D.E. 33.) In the February 23, 2015 order denying and dismissing the § 2255 petition, the Court concluded that any appeal would not be taken in good faith, and denied him leave to proceed *in forma pauperis* on appeal. (D.E. 27 at 21–22.) The Court held that "[i]f [Jelks] files a notice of appeal, he must also pay the full $505 appellate filing fee . . . or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days . . . . ." (*Id.* at 22.) Any *in forma pauperis* affidavit should be filed with the Sixth Circuit Court of Appeals. Jelks's application is DENIED.

**IT IS SO ORDERED** this 7th day of August, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE