IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FELIX JELKS, | ) ) ) ) ) | |
| Petitioner, | ) ) | No. 1:13-cv-01007-JDB-egb |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

**ORDER DENYING DEFENDANT-PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* motion of Petitioner, Felix Jelks, to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") 41.)[1] Petitioner moves to alter or amend the Court's February 23, 2015 ruling denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. (*See* D.E. 27.) On review of Jelks's submissions, the Motion to Alter or Amend is DENIED.

**I.  BACKGROUND**

   **A.  Case Number 1:09-cr-10009**

On November 17, 2009, Petitioner pleaded guilty to one count of conspiracy to possess over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Minute

---

[1]On August 11, 2016, the Court granted Petitioner's Motion for Leave to Supplement his Rule 59(e) Motion. (D.E. 44; *see* D.E. 42.) Accordingly, the Court has considered the content of both motions in arriving at its determination.

("Min.") Entry, *United States v. Jelks*, No. 1:09-cr-10009 (W.D. Tenn. Nov. 17, 2009) (D.E. 53; *see* D.E. 4.) Jelks signed a written plea agreement to that effect. (D.E. 54.) On April 6, 2011, the Court sentenced Petitioner to 360 months of incarceration followed by four years of supervised release and a $100 special assessment. (D.E. 129.) The judgment was entered on April 7, 2011. (*Id.*) On April 13, 2011, Jelks filed a *pro se* notice of appeal. (D.E. 130.) The Sixth Circuit Court of Appeals rejected Petitioner's direct appeal on January 6, 2012, granting his counsel's motion to withdraw and affirming the judgment of this Court. Order, *United States v. Jelks*, No. 11-5460 (6th Cir. Jan. 9, 2012) (D.E. 142 at 3-4.)

B. **Case Number 1:13-cv-01007**

On January 4, 2013, Jelks filed a motion under 28 U.S.C. § 2255 and supporting memorandum alleging that his trial and appellate counsel provided ineffective assistance. (D.E. 1.) This Court denied that motion on February 23, 2015 and the judgment was entered the next day. (D.E. 27-28.) Petitioner again sought review in the Court of Appeals which concluded that his motion was without merit. (D.E. 32, 43.) While the second appeal was pending, Jelks moved this Court to re-open its judgment denying his § 2255 motion under Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, based on the inadvertent omission from the District's Electronic Case Filing system of a single page of his amended memorandum. (D.E. 34; *see* D.E. 3, 29, 39.) The Court denied that motion on August 7, 2015. (D.E. 39.) On September 10, 2015, Petitioner filed the instant motion. (D.E. 41. *See also* D.E. 42.)

II. **LEGAL STANDARD AND ANALYSIS**

A. **Time Bar**

Jelks's motion is time-barred. Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after

the entry of judgment." Fed. R. Civ. P. 59(e). The Court does not have discretion to extend the time for filing a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2). Indeed, "the limits on the availability of Rule 59(e) relief are substantial." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Petitioner filed his Rule 59(e) motion on September 10, 2015, more than six months after the entry of judgment on February 24, 2015; therefore, it is untimely. For this reason alone, the motion must be denied.

**B.   Merits**

Even if the motion was timely, it lacks merit. Under Rule 59(e) of the Federal Rules of Civil Procedure, "a court may alter [a] judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Petitioner's motion does not satisfy any of these standards.

"Many pro se petitioners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often re-characterize such filings . . . ." *United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (quoting *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002)). Thus, viewing his motion with "great liberality," *Ham v. North Carolina*, 471 F.2d 406, 407 (4th Cir. 1973), the Court will examine whether the relief sought under Rule 59(e) falls into the category of newly discovered evidence, or a clear error of law, or possibly "a need to prevent manifest injustice,"[2] *Clark*, 764 F.3d at 661. Jelks points to a specific piece of evidence, an "audio/video disk of his traffic stop," in support of his motion.

---

[2] Petitioner does not appear to argue or identify "an intervening change in controlling law," and the Court does not find one here.

3

(D.E. 41 at 1.) According to Petitioner, this "video of the traffic stop demonstrates [his] illegal arrest." (D.E. 42 at 1.) In his second filing related to the instant motion, Petitioner connects this evidence to a claim of his counsel's "deficient performance" stemming from a "failure to investigate or discover exculpatory evidence" in connection with Jelks's guilty plea. (*Id.*)

Petitioner's argument is problematic for several reasons. First, this evidence does not qualify as newly discovered. In order "[t]o constitute newly discovered evidence, the evidence must have been previously unavailable." *Robbins v. Saturn Corp.*, 532 F. App'x 623, 632 (6th Cir. 2013) (quoting *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)) (alteration in original). More importantly, "evidence known by the defendant at the time of trial cannot constitute 'newly discovered' evidence.'" *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000) (citing *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991)).

In this case, the audio/video disk was both available to and known by Petitioner and his attorney prior to trial. Jelks concedes as much in his original § 2255 motion. (D.E. 1-1 at 2.) Therein, Petitioner cites the video of his traffic stop in support of his argument that his attorney "inadequately [sic] assesed [sic] the evidence in the discovery" in the course of counseling Petitioner to plead guilty. (*Id.*) In a later filing, Jelks admits the following:

> Mr. Weinman and I reviewed several videos including the video of the traffic stop because the Police Report made known the existence of the tape recording of the incident. Mr. Weinman even made copies of those videos for me during the time I was in Federal Detention Facility in Mason.

(D.E. 18 at 1.) These events occurred before Jelks entered his guilty plea. (*Id.*) Because Petitioner and his attorney were aware and in possession of the video recording of Petitioner's traffic stop, it cannot and does not constitute newly discovered evidence.

Additionally, this Court's February 23, 2015 order neither contains a "clear error of law" nor creates "manifest injustice." *Clark*, 764 F.3d at 661. Both standards are difficult to meet.

4

*See, e.g.*, *Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010) ("The manifest injustice standard presents . . . a high hurdle."). In the February 23, 2015 order, the Court fully addressed his arguments relating to ineffective assistance of counsel and found them to lack merit. (*See* D.E. 27.) Relating specifically to the video of Jelks's traffic stop, the Court found that "[t]he disc has not been authenticated and is not required for the Court's determination of the issues." (*Id.* at 2.) The Court finds no reason how this piece of evidence should disturb its judgment, especially after having taken its existence into account in the original order.

Moreover, this case has been subject to thorough appellate review. First, the Sixth Circuit Court of Appeals "determined on direct appeal that Jelks's guilty plea was valid," and affirmed the judgment of this Court. Order, *United States v. Jelks*, No. 11-5305 (6th Cir. Dec. 14, 2015) (D.E. 43 at 3.) *See also* Order, *United States v. Jelks*, No. 11-5460 (6th Cir. Jan. 9, 2012) (D.E. 142.) In Petitioner's appeal of this Court's judgment denying his § 2255 motion, the Sixth Circuit again ruled against him, finding that "[r]easonable jurists would not disagree with the district court's resolution of Jelks's claims." Order, *United States v. Jelks*, No. 11-5305 (6th Cir. Dec. 14, 2015) (D.E. 43 at 3.) Petitioner's case and claims have been fully and fairly litigated, on both direct and collateral review, in this Court and the Sixth Circuit. The Court is therefore satisfied that neither "a clear error of law" nor "manifest injustice" exists here, and accordingly rejects Petitioner's arguments on these grounds. *Clark*, 764 F.3d at 661.

## III. CONCLUSION

Because Petitioner's Rule 59(e) Motion is time-barred and lacks merit it is hereby DENIED.

In its February 23, 2015 order, the Court denied a certificate of appealability, finding that Petitioner's "claim lacks substantive merit and, therefore, he cannot present a question of some

substance about which reasonable jurists could differ." (D.E. 27 at 20). The Court finds Petitioner's instant motion to be similarly meritless, and therefore DENIES a certificate of appealability. As for any other appeal related to this matter, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that it would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee, *see* 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the Court of Appeals within thirty days, *see* Fed. R. App. P. 24(a)(4)-(5).

**IT IS SO ORDERED** this 24th day of August 2016.

s/ J. DANIEL BREEN_____
CHIEF UNITED STATES DISTRICT JUDGE