# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| FELIX JELKS,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:13-cv-01007-JDB-egb<br>Cr. No. 1:09-cr-10009-JDB-1 |

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

Before the Court is a motion filed by Movant, Felix Jelks, for relief from the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b)(4). (Docket Entry ("D.E.") 48.) On February 23, 2015, the Court denied Movant's 28 U.S.C. § 2255 motion and judgment was entered the next day. (D.E. 27 & 28.) Jelks claims that judgment is void because the Court did not consider the third supplemental reply to the government's response. (D.E. 48 at PageID 196.) For the following reasons, the motion is DENIED.

## I. BACKGROUND

### A. Case Number 1:09-cr-10009

On November 17, 2009, Movant pleaded guilty to one count of conspiracy to possess over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. (Criminal ("Cr.") D.E. 53; *see also* Cr. D.E. 4.) Jelks later filed a motion to withdraw his guilty plea, (Cr. D.E. 98), which the Court rejected (Cr. D.E. 119). Following sentencing and the entry of judgment, he filed a *pro se* notice of appeal. (Cr. D.E. 130.) In the appellate court, Movant's

attorney submitted a motion to withdraw and a brief wherein he opined that there were no colorable issues to appeal in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). Order, *United States v. Jelks*, No. 11-5460 (6th Cir. Jan. 9, 2012) (Cr. D.E. 142 at PageID 379.) The Sixth Circuit Court of Appeals independently reviewed the record and agreed that there were no viable issues. (*Id.* at PageID 379-80.) In particular, the Sixth Circuit noted that Jelks's "guilty plea was constitutionally valid and the district court substantially complied with the procedural requirements for accepting his plea." (*Id.* at PageID 380.) The court rejected his direct appeal on January 6, 2012, granting his counsel's motion to withdraw and affirming the judgment of this Court. (*Id.* at PageID 382.)

### B. Case Number 1:13-cv-01007

On January 4, 2013, Jelks filed a motion under 28 U.S.C. § 2255, alleging that his trial and appellate counsel provided ineffective assistance. (D.E. 1.) As relevant to the instant motion, Movant averred that appellate counsel was ineffective for "failing to raise on appeal the Court's violation of [Federal Rule of Criminal Procedure] 11(d) and the validity of his guilty plea." (D.E. 1-1 at PageID 13-14.) After the government responded to the motion, Jelks filed a reply, (D.E. 18), which he subsequently supplemented on three occasions (D.E. 22, 23 & 24). This Court denied the § 2255 motion on February 23, 2015. (D.E. 27.) Because the third supplemental reply had been improperly docketed as a pending motion, this Court directed the clerk to "terminate [D.E. 24] as a pending motion." (D.E. 27 at PageID 167.) Judgment was entered the next day. (D.E. 28.) Movant again sought review in the Court of Appeals, which concluded that his § 2255 motion was without merit. (D.E. 32, 43.) While the second appeal was pending, Jelks moved this Court to re-open its judgment denying his § 2255 motion under Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, based on the inadvertent omission

2

from the District's Electronic Case Filing system of a single page of his amended memorandum. (D.E. 34; *see* D.E. 3, 29, 39.) The Court denied that motion on August 7, 2015. (D.E. 39.) Thereafter, Jelks moved to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (D.E. 41.) That motion was denied as time-barred, with the Court noting that it would also fail on the merits. (D.E. 45 at PageID 253.) On February 24, 2017, Jelks filed the instant motion requesting relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (D.E. 48.)

## II.   ANALYSIS

The Court must first determine whether it has authority to consider the inmate's motion. "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). If a Rule 60(b) motion is treated as such, it is barred from consideration because, pursuant to 28 U.S.C. § 2244(b), "[a] . . . prisoner may not file a second or successive habeas corpus petition until the court of appeals issues an order authorizing the district court to consider the petition." *Id.* (citing 28 U.S.C. § 2244(b)(3)(A)). However, a motion that "does not attack a determination on the merits" is not a "successive habeas petition" if it only addresses "'some defect in the integrity of the federal habeas proceedings.'" *Id.* at 507 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). The instant motion does not attack the merits of the Court's February 23, 2015 determination but instead requests that the judgment be reopened due to the Court's alleged failure to consider the third supplement to Movant's reply. This motion can therefore be considered on the merits.

Rule 60(b)(4) of the Federal Rules of Civil Procedure allows a court to "relieve a party . . . from a final judgment" where "the judgment is void." Jelks contends that the judgment should

3

be set aside because the Court did not consider his third supplemental reply, in contravention of Rule 5(d) of the Rules Governing Section 2255 Proceedings ("Section 2255 Rules"), which allows the moving party to "submit a reply to the respondent's answer or other pleading . . . ." Movant bases this contention on the fact that the Court instructed the clerk to terminate docket entry 24 as a pending motion. (D.E.. at PageID 298.) He avers that consideration of that document "would have changed the results in this case because it demonstrate[d] the ability to withdraw [his] guilty plea." (*Id.*) This alleged error, he insists, amounted to a violation of his due process rights. (*Id.* at PageID 296.)

Jelks is correct that the Court ordered the clerk to "terminate [the third supplemental reply] as a pending motion," but he misunderstands the impact of that directive. (*See* D.E. 27 at PageID 167.) The reply had been improperly docketed as a motion, and the order had the effect of correcting that mistake. It did not, as Jelks seem to believe, mean that the Court failed to consider the argument presented in that document. Movant's third reply concerned his appellate attorney's failure to attack his guilty plea by "alleg[ing] an error under [Federal Rule of Criminal Procedure] 11." (D.E. 24 at PageID 144.) A review of this Court's order denying the § 2255 motion belies Jelks's assertion, as demonstrated by the following excerpt:

> Jelks contends that appellate counsel failed to investigate the plea colloquy for Rule 11 violations and to determine if his plea was voluntary. ([D.E] No. 3 at PageID 23.) Contrary to Defendant's allegation, [his attorney] reviewed the record for any meritorious appealable issue before certifying that none existed. ([D.E.] 14-2 at PageID 97.) The Sixth Circuit Court of Appeals independently examined the record and found "that his attorney made an adequate review of the record and that there [was] no viable issue to appeal. (Cr. [D.E.] 142 at PageID 379-80.) The appellate court determined that Jelks'[s] plea was knowing and voluntary and that the district court complied with the procedural requirements for accepting his plea. (*Id.* at PageID 380-81.) . . . [C]ounsel was not ineffective by failing to raise and pursue frivolous issues.

4

(D.E. 27 at PageID 185.) Thus, contrary to Movant's assertion, the Court did consider the argument contained in his third supplemental reply.

Despite Jelks's repeated attempts to attack the judgment in this case, the record reflects that both this Court and the Sixth Circuit Court of Appeals have determined that his guilty plea was validly entered. His contention that he was denied due process based on this Court's failure to consider his third reply is without merit. Furthermore, Rule 60(c)(1) requires that motions under subsection (b)(4) be made "within a reasonable time." Jelks waited two years after entry of the judgment to raise this challenge, an unreasonable delay for which he has provided no explanation. *See Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (finding that Rule 60(b)(4) motion filed eleven months after service of default judgment was unreasonable). Movant's Rule 60(b)(4) motion is DENIED

## III.  CONCLUSION

Based on the foregoing and the record as a whole, Jelks's motion is denied. In its February 23, 2015 order, the Court denied a certificate of appealability, finding that his "claim lacked substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ." (D.E. 27 at 20). The Court finds Movant's instant motion to be similarly meritless, and therefore DENIES a certificate of appealability. As for any other appeal related to this matter, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that it would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

If Jelks files a notice of appeal, he must also pay the full $505.00 appellate filing fee, *see* 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the Court of Appeals within thirty days, *see* Fed. R. App. P. 24(a)(4)-(5).

**IT IS SO ORDERED** this 2nd day of August 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE